IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS OMAR SMITH | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-12-1523 |
| MENTAL HEALTH MGMT. CO., et al. | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM

Defendants, MHM Maryland, Inc. and Dr. Ruth Shaw-Taylor, filed a motion to dismiss or for summary judgment on September 10, 2012. ECF No. 9. Although plaintiff was advised of his right to file an opposition to the motion and of the consequences of failing to do so, he has filed nothing further in the case. ECF No. 11. No hearing is necessary to resolve the motion to dismiss. *See* Local Rule 105.6 (D. Md. 2011).

### Background

Plaintiff, an inmate confined at Patuxent Institution, alleges he is being "illegally diagnosed" and prescribed improper medication. He claims he has Attention Deficit Disorder (ADD), Attention Deficit with Hyperactivity Disorder (ADHD), and bipolar disorder. He asserts his life is in danger and his vision is being damaged because he is not receiving proper medication. He asserts he is the subject of discrimination because of his mental illness and claims the medication he is receiving is causing seizures and loss of eyesight. Plaintiff seeks 350 thousand dollars in damages. ECF No. 1 at pp. 2 – 3.

Defendants assert that, at most, plaintiff has asserted a claim of medical malpractice which does not state a federal claim. Additionally, defendants state that plaintiff has failed to exhaust administrative remedies with respect to the claim raised. ECF No. 9.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)

## Analysis

The Prisoner Litigation Reform Act (PLRA) provides, in pertinent part:

2

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

As a prisoner, plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that plaintiff is aggrieved by a single occurrence, as opposed to a general conditions of confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase v. Peay*, 286 F.Supp.2d 523, 530 (D.Md.2003); *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D.Md.1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the Bureau of Prisons' grievance process); *Booth v. Churner*, 532 U.S. 731, 735, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief").

Defendants explain that the process for filing a grievance regarding claims against MHM employees, such as Dr. Shaw-Taylor, involves the use of the internal complaint procedure in

3

place at Patuxent.[1] ECF No. 9 at Ex. A, p. 2. When an inmate's complaint regarding MHM or one of its employees is received in the "Internal Complaint Office" at Patuxent, it is forwarded to MHM's regional office where the Director of Continuous Quality Improvement assigns the complaint to an on-site MHM manager for investigation. *Id.* The MHM manager reviews the complaint, investigates the issue, and submits the results of the investigation to the Office of Inmate Health Services and MHM's regional office. *Id.* The Office of Inmate Health Services forwards the outcome of the investigation to Patuxent's Internal Complaint Office, which is charged with the responsibility of sharing the results with the inmate. *Id.* Defendants assert that plaintiff has made no effort to exhaust administrative remedies regarding the claim raised in the instant complaint.

Plaintiff alleges he filed an internal complaint, received no response, and did nothing further in an attempt to address his claim through the grievance procedure. ECF No. 1 at p. 2. He does not dispute defendants' claim that he has not exhausted administrative remedies. Thus, based on the undisputed facts, the complaint must be dismissed for failure to exhaust administrative remedies. A separate order follows.

Oct 23, 2012
Date

James K. Bredar
United States District Judge

---

[1] If an inmate chooses instead to file a grievance with the Inmate Grievance Office (IGO), the grievance is also referred to MHM's regional office. ECF No. 9 at Ex. A, p. 1.